United States District Court
Southern District of Texas
**ENTERED**
February 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SHAFER, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00053 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 12). The M&R recommends that the Court:

(1) Retain Plaintiff's First Amendment free speech claim and Fourteenth Amendment due process claim against Defendant Bobby Lumpkin in his official capacity;

(2) Retain Plaintiff's First Amendment free speech claim and Fourteenth Amendment due process claim against Defendant Janet Salles in her individual capacity;

(3) Dismiss Plaintiff's remaining claims.

(D.E. 12, p. 1, 20). Plaintiff filed written objections to the M&R. (D.E. 15).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff lodges several objections to the M&R. *See* (D.E. 15). First, he argues that the M&R mischaracterizes his argument that the Texas Department of Criminal Justice ("TDCJ") policy relating to inmate correspondence has no legitimate penological interest. *Id.* at 2. Plaintiff

appears to expand on the argument addressed in the M&R, which, notably, recommends retaining the claim. As such, this objection is **OVERRULED as moot**.

Second, Plaintiff objects to the M&R's assessment of his Article VI claim, arguing that Article VI is implicated because the TDCJ inmate correspondence policy "violates the laws of the land." (D.E. 15, p. 2–3) (citing the "Nelson Mandela Rules"). However, as the M&R states, the Nelson Mandela Rules are not a treaty, are not binding on the United States, and do not create a private right of action. (D.E. 12, p. 14) (citing *Renfro v. W. Valley Det. Ctr. Classification Staff*, No. 5:21-CV-01414, 2022 WL 18228280, at *4 (C.D. Cal. June 3, 2022) (Early, Mag. J.)). As such, this objection is **OVERRULED**.

Third, Plaintiff objects to the M&R's characterization of his argument that TDCJ policy restricts his ability to send outgoing mail. (D.E. 15, p. 3). Plaintiff appears to argue that the M&R fails to recognize his argument that the TDCJ does not have approved vendors and instead requires inmates to purchase correspondence materials through its own subsidiary company. *Id.* However, the M&R properly addresses Plaintiff's claim. The M&R notes that Plaintiff argues that the TDCJ amended its policy by "restricting correspondence materials from being purchased by outside vendors, who would then ship the materials to the inmate's unit mailrooms," and that "Plaintiff states inmates and their families are now forced to pay more for cheaply made and poor quality products from Texas Correctional Industries." (D.E. 12, p. 15–16). As such, the M&R properly addressed Plaintiff's argument—this objection is **OVERRULED**.

Fourth, Plaintiff argues that the TDCJ policy change restricting inmates from purchasing correspondence materials from outside vendors violates his Fourteenth Amendment due process claims. (D.E. 15, p. 4). The M&R addressed this claim by analyzing *Guajardo v. Estelle*, 580 F.2d 748 (1978). (D.E. 12, p. 16). Plaintiff now appears to object to the M&R's application of *Guajardo*.

(D.E. 15, p. 4). In *Guajardo*, the Fifth Circuit held, *inter alia*, that TDCJ rules limiting prisoners' ability to receive books was constitutional—the issue of purchasing correspondence materials through outside vendors was not before the Court. 580 F.2d at 760–62. As such, this objection is **OVERRULED**.

Fifth, Plaintiff argues that the M&R erred in recommending Plaintiff's claims against Defendant Warden Holmes be dismissed. (D.E. 15, p. 4–5). Plaintiff argues that Warden Holmes was "involved in the deprivation at the unit level" and should remain as a Defendant. *Id.* at 5. As the M&R notes, "there are no facts to indicate" that Warden Homes "implemented an unconstitutional policy at issue in this case," (D.E. 12, p. 17–18), and Plaintiff offers none in his objection, (D.E. 15, p. 4–5). As such, this objection is **OVERRULED**.

Finally, Plaintiff argues that the M&R fails to identify which claim Plaintiff attempted to raise that is not addressed in the M&R. (D.E. 15, p. 5). It appears Plaintiff is referring to the M&R's statement that Plaintiff does not appear to raise a claim against any Defendant in his official capacity for money damages. *See* (D.E. 12, p. 18). Plaintiff does not appear to dispute the M&Rs finding and offers no legal or factual argument to contravene the M&R. *See* (D.E. 15, p. 5). As such, this objection is **OVERRULED**.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 15), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 12). Accordingly:

(1) Plaintiff's First Amendment free speech claim and Fourteenth Amendment due process claim against Defendant Bobby Lumpkin in his official capacity are **RETAINED**;

(2) Plaintiff's First Amendment free speech claim and Fourteenth Amendment due process claim against Defendant Janet Salles in her individual capacity are **RETAINED**;

(3) Plaintiff's remaining claims are **DISMISSED**.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
February 5, 2024